UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

VEGGIFRUIT, INC.

              Plaintiff,              Case No. 4:19-cv-2071

    - against -

JUNIOR'S PRODUCE AT THE HOUSTON FARMERS
MARKET, LLC and ROBERT KEITH HAMPTON and
AUGUSTINE SALDANA, JR.

              Defendants.
_____/

## COMPLAINT

Plaintiff Veggifruit, Inc. ("Plaintiff" or "Veggifruit"), by undersigned counsel, as and for its Complaint against Defendants, Junior's Produce at the Houston Farmers Market, LLC ("Junior's"), Robert Keith Hampton ("Hampton") and Augustine Saldana, Jr. ("Saldana") (collectively, "Defendants"), alleges as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(5) (hereafter "PACA") and 28 U.S.C. § 1331.

2.    Venue in this District is based on 28 U.S.C. § 1391 in that Defendants reside in this District and Plaintiff's claim arose in this District.

### PARTIES

3.    Plaintiff Veggifruit is a Florida corporation with its principal place of business in Oakland, Florida, engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA as a dealer.

4. Defendant Junior's is a Texas limited liability company with its principal place of business in Houston, Texas engaged in the business of buying and selling wholesale quantities of produce in interstate commerce, and was at all relevant times subject to and licensed under the provisions of PACA.

5. Defendant Hampton is and was a Member of Juniors and a reported principal of Junior's as listed on its PACA license during the period of time in question who controlled the operations of Junior's and was in a position of control over the PACA trust assets belonging to Plaintiff.

6. Defendant Saldana is and was a Reported Principal of Junior's as listed on its PACA license during the period of time in question, controlled the operations of Junior's and was in a position of control over the PACA trust assets belonging to Plaintiff.

## GENERAL ALLEGATIONS

7. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5(c) of the PACA, 7 U.S.C. § 499e(c).

8. Between March 25, 2019, and May 29, 2019, Plaintiff sold and delivered to Defendants in interstate commerce wholesale quantities of produce worth $129,446.30.

9. Defendants accepted the produce, but have failed to pay for the produce when payment was due, despite repeated demands, and presently owe Plaintiff the amount of $129,446.30.

10. At the time of receipt of the produce, Plaintiff became a beneficiary to a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendants since the creation of the trust.

11. Plaintiff preserved its interest in the PACA trust in the amount of $129,446.30 and remains a beneficiary until full payment is made for the produce.

12. Defendants have not disputed the debt in any way.

13. Defendants have failed to pay $129,446.30 for the produce, despite repeated demands. Defendants are failing to maintain sufficient assets in the statutory trust to pay Plaintiff and are dissipating trust assets as demonstrated by Defendants' failure to pay.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay Trust Funds)

14. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 13 above as if fully set forth herein.

15. The failure of Defendants to make payment to Plaintiff of trust funds in the amount of $129,446.30 from the statutory trust is a violation of PACA and PACA regulations, and is unlawful.

16. Pursuant to PACA and the prevailing cases, Plaintiff is entitled to injunctive relief against all Defendants, enjoining and restraining them and their agents from further dissipating trust assets belonging to Plaintiff, and requiring the turnover to Plaintiff of PACA trust funds in the possession of third parties.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Failure to Pay for Goods Sold and Delivered)

17. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. Defendants failed and refused to pay Plaintiff the amount of $129,446.30 owed to Plaintiff for goods received by Defendants from Plaintiff.

19.     As a direct and proximate result of Defendants' failure to pay promptly, Plaintiff has incurred damages in the amount of $129,446.30, plus interest from the date each invoice became past due, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST HAMPTON
(Unlawful Dissipation of Trust Assets by a Corporate Official)

20.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

21.     Defendant Hampton was the Secretary of Junior's who operated that business during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

22.     Defendant Hampton failed to direct Junior's to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

23.     Defendant Hampton's failure to direct Junior's to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

24.     As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST SALDANA
(Unlawful Dissipation of Trust Assets by a Corporate Official)

25.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. Defendant Saldana was the President of Junior's who operated that business during the relevant time period and is and was in a position of control over the PACA trust assets belonging to Plaintiff.

27. Defendant Saldana failed to direct Junior's to fulfill its statutory duty to preserve PACA trust assets and pay Plaintiff for the produce it supplied.

28. Defendant Saldana's failure to direct Junior's to maintain PACA trust assets and pay Plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

29. As a result of said unlawful dissipation of trust assets, Plaintiff has been deprived of its right as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Failure to Make Prompt Payment of Trust Funds)

30. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 29 above as if fully set forth herein.

31. Defendants received each of the shipments on which this action is based.

32. Defendants are required to promptly tender to Plaintiff full payment for those shipments pursuant to PACA.

33. Defendants failed and refused to pay for the produce supplied by Plaintiff within the payment terms indicated on the face of Plaintiff's invoices to Defendants.

34. As a direct and proximate result of Defendants' failure to pay promptly, Plaintiffs have incurred damages in the amount of $129,446.30, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST JUNIOR'S**
(Breach of Contract)

35. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 34 above as if fully set forth herein.

36. Junior's received Plaintiff's invoices without objection on or about the dates indicated on the faces of the invoices.

37. Plaintiff's invoices to Junior's constitute valid and enforceable agreements between the parties.

38. Junior's breached the agreements between the parties by failing to timely remit payment for the goods it received from Plaintiff.

39. Plaintiff has performed all of the duties, obligations and conditions precedent on its part to be performed under the invoices.

40. As a direct and proximate of Junior's breach of contract, Plaintiff has suffered damages in the amount of $129,446.30, plus interest from the date each invoice became past due, costs and attorneys' fees.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
(Interest and Attorneys' Fees)

41. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 40 above as if fully set forth herein.

42. PACA and Plaintiff's invoices entitle Plaintiff to recover pre-judgment interest and attorneys' fees incurred to collect any balance due from Defendants.

43. As a result of Defendants' continued failure to make full payment promptly in the amount of $129,446.30, Plaintiff has been required to pay attorneys' fees and costs in order to bring

this action to require Defendants to comply with their statutory duties under PACA, and upon information and belief, will further incur such costs and fees.

**WHEREFORE**, Plaintiff requests the following relief:

A. An order enforcing payment from the PACA trust by requiring immediate payment by Defendants of the amount of $129,446.30, plus pre-judgment interest and attorneys' fees, to Plaintiff;

B. Judgment against the Defendants, jointly and severally, in the amount of $129,446.30, plus pre-judgment interest and attorneys' fees, under the trust provisions of the PACA;

C. Judgment against Defendant Junior's for its failure to pay for goods sold and breach of contract in the amount of $129,446.30, plus interest and attorneys' fees;

D. Judgment against the Defendants, jointly and severally, for pre-judgment interest, costs and attorneys' fees; and

E. The costs of this action, and such other and further relief as the Court deems just and proper.

Dated: June 6, 2019.

Respectfully submitted,

WALKER WILCOX MATOUSEK, LLP

/s/ Tony L. Draper
Tony L. Draper, Esq. (Attorney in Charge)
Texas State Bar No. 00798156
Federal Bar No. 24352
1001 McKinney, Suite 2000
Houston, Texas 77002
Telephone: (713) 343-6556
Facsimile: (713) 343-6571
tdraper@wwmlawyers.com

and

McCARRON & DIESS
Blake A. Surbey, Esq.
4530 Wisconsin Avenue, NW
Suite 301
Washington, D.C. 20016
(202) 364-0400
(202) 364-2731/ fax
bsurbey@mccarronlaw.com

*Attorneys for Plaintiff*