## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

VEGGIFRUIT, INC.

       Plaintiff,      Case No. 4:19-cv-2071

   - against -

JUNIOR'S PRODUCE AT THE HOUSTON FARMERS
MARKET, LLC and ROBERT KEITH HAMPTON and
AUGUSTINE SALDANA, JR.

       Defendants.

_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

  Plaintiff, Veggifruit, Inc., by and through its undersigned counsel, files this Memorandum in Support of Plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction, and states as follows:

### INTRODUCTION

  Veggifruit, Inc. ("Plaintiff" or "Veggifruit") is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities ("produce") in interstate commerce, and is licensed under and subject to the Perishable Agricultural Commodities Act, as amended, 7 U.S.C. § 499a, *et seq*. (the "PACA") (Declaration of Troy Bennett dated June 6, 2019) ["Bennet Decl."] ¶ 3). Junior's Produce at the Houston Farmers Market, LLC ("Junior's") is engaged in the business of buying and selling wholesale quantities of produce and also  is licensed under and subject to PACA (Bennett Decl. at ¶ 4).  Defendant Robert Keith Hampton ("Hampton") ("Hampton") is a member, officer, and/or director of Junior's (Complaint at ¶¶ 20-

29).   Hampton and Augustine Saldana, Jr. ("Saldana") are listed as "Reported Principals" on Junior's PACA license. Upon information and belief Hampton and Saldana directed the day-to-day operations of Junior's during the period of time in question, and were both in positions of control over the PACA trust assets belonging to Plaintiff (Compl.at ¶¶ 5-6, 20-29; Bennett Decl. at ¶¶ 11 - 14).

Veggifruit sold and delivered to Defendants, in interstate commerce, wholesale amounts of produce worth $129,446.30, all of which remains unpaid and of which $120,772.50 is past due (Bennett Decl. at ¶ 7).[1]  Defendants accepted the produce from Plaintiff, but have failed and refused to comply with their statutory duty under PACA to make prompt payment to Plaintiff for the produce they received and to maintain the statutory trust established by Section 5(c) of the PACA.  Despite repeated promises to pay the produce debt, Junior's has not come through.  On June 5, 2019, Junior's issued a check for only $10,000.00, and Hampton has told Plaintiff that it is unable to pay the PACA debt (Bennett Decl. at ¶¶ 14 - 15).   On Thursday, June 6, 2019, Junior's said it would wire $30,000.000 to Veggifruit's account (Bennett Decl. at ¶ 15). It is unknown whether the $10,000.00 check or the wire will clear/post to Veggifruit's account, but Veggifruit will credit any payments if/once they clear/post.   Saldana recently informed Veggifruit that Junior's planned to stop operating as early as Friday, June 7, 2019 (Bennett Decl. at ¶ 14).

---

[1] Under the PACA, payment is due within 10 days of receipt of the produce unless the Parties agree to a different time for payment in a signed writing entered before the transactions.  *See* 7 C.F.R. § 46.2(aa)(5) and (aa)(11.  *See also Hull Company. v. Hauser's Foods, Inc*, 924 F.2d 777, 781 (8th Cir. 1991) ("Thus, under the regulations, payment is due within ten days after delivery, unless the parties have by written agreement extended the time for payment."). There is no written agreement altering the default payment terms at issue.

Based on Defendants' repeated promises and failures to pay, their admission that they do not have sufficient funds on hand to pay Plaintiff, and their alleged plan to stop operating as early as Friday, June 7, 2019, it appears that Defendants have dissipated PACA trust assets belonging to Plaintiff.  It is also likely that unless this Court grants the instant application, Plaintiff will suffer irreparable injury as a result of the failure to pay trust funds as required by PACA.

Plaintiff's Motion for Temporary Restraining Order seeks to enforce the statutory trust established under PACA and the regulations issued pursuant thereto, 7 C.F.R. Part 46, 49 Fed. Reg. 45735 (Nov. 20, 1984).  The Court's jurisdiction is invoked pursuant to 7 U.S.C. § 499e(c)(5)(i).  Based on the facts set forth above and in the accompanying declaration from Plaintiff's President, and the controlling law set forth below, Plaintiff respectfully requests that this Court enter a temporary restraining order enjoining and restraining Defendants from further dissipating PACA trust assets.

## THE PACA TRUST

The PACA was enacted in 1930 "to suppress unfair and fraudulent practices in the marketing of fruits and vegetables in interstate and foreign commerce."  49 Fed. Reg. 45737. PACA requires a produce dealer to make "full payment promptly" for any produce it purchases.  7 U.S.C. § 499(b)(4).  *See also Tanimura & Antle, Inc., et al. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 138 (3d Cir. 2000) (The central purpose of the PACA "is to ensure payment to the unpaid seller in the perishable agricultural commodities industry."); *Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154, 159 (11th Cir. 1990).  In 1984, Congress added Section 5(c) of the PACA to "increase the legal protection for unpaid sellers and suppliers of perishable agricultural commodities until full payment of sums due has been received by them."  1984 U.S.C.C.A.N. 406

Section 5 of the PACA imposes a statutory trust on all produce-related assets, including the produce itself, other products derived therefrom, and any receivables or proceeds from the sale thereof, held by agricultural merchants, dealers, and brokers.  7 U.S.C. § 499e(c)(2).  The purpose of this trust is to give PACA beneficiaries "a right of recovery that is superior to the right of all other creditors, including secured creditors."  *Nickey Gregory Company v. Agricap, LLC*, 591, F.3d 591, 595 (4th Cir. 2010); *accord Reaves Brokerage Co., Inc. v. Sunbelt Fruit & Vegetable Company, Inc.,* 336 F.3d 410, 413 (5th Cir. 2003); *Frio Ice, S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 156 (11th Cir. 1990).

Produce dealers are "required to maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligation to sellers" or produce.  7 C.F.R. § 46.46(d)(1).  And, the trust must be maintained for the benefit of all unpaid suppliers and sellers of the produce until full payment has been made.  7 U.S.C. § 499e(c)(2).  The PACA trust arises upon the commencement, and remains continually in existence throughout the life, of the produce purchaser's business.  *In re Kornblum & Co., Inc.,* 81 F.3d 280 (2d Cir. 1996) (PACA and its implementing regulations "clearly delineate[d] a single, undifferentiated trust for the benefit of all sellers and suppliers . . . that continues in existence until all of the outstanding beneficiaries [of the produce buyer] have been paid in full."); *Frio Ice, supra; In re Atlantic Tropical Market Corp.,* 118 B.R. 139 142 (Bankr. S.D. Fla. 1990).

Failure to maintain the trust and make full payment promptly to the trust beneficiary is unlawful. 7 U.S.C. § 499b(4); 7 C.F.R. § 46.46(d)(1).

To become a qualified beneficiary of the PACA trust, a produce supplier must meet certain requirements.  First, the transaction at issue must concern the sale of produce.  Second, the produce must have been purchased by a commission merchant, dealer, or broker subject to or licensed under

the PACA.  And third, the produce supplier must give written notice of its intent to preserve trust rights.  *See generally Sysco Food Servs. Of Seattle, Inc. v. Country Harvest Buffet Restaurants, Inc.*, 245 B.R. 650, 653 (B.A.P. 9th Cir. Wash. 2000).  Notice is proper for a PACA licensee if, on its "ordinary and usual billing or invoice statements" the seller places the following language:

> The perishable agricultural commodities listed on this invoice are sold subject to statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)).  The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

7 U.S.C. § 499e(c)(4).  *See also In re: Atlanta Egg & Produce, Inc.*, 321 B.R. 746, 751 (N.D. Ga. 2005).

## ENTITLEMENT TO INJUNCTIVE RELIEF

A plaintiff is entitled to injunctive relief where, as here, it can establish (1) that it is likely to succeed on the merits, (2) that it is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 13 (2008).  *See also Heil Trailer Int'l Co. v. Kula*, 542 Fed. Appx. 329, 335 (5th Cir. 2013); *Eddy Produce, LLC v. Sutton Fruit & Vegetable Co.*, 2012 U.S. Dist. LEXIS 14917 (N.D. Tex. Feb. 7, 2012).

### 1.  Plaintiff is Likely to Succeed on the Merits

Plaintiff is likely to succeed on the merits because it is undisputed that Defendants have not paid Plaintiff and the PACA provides for the relief requested.  Through the declaration of its President and the certification of counsel, Plaintiff has demonstrated that:

a)      Plaintiff is engaged in the business of growing, buying and selling wholesale quantities of produce in interstate commerce and is licensed as a dealer under PACA. (Bennett Decl. at ¶ 3.)

- 5 -

b)      Defendant Junior's is engaged in buying and selling wholesale quantities of produce in interstate commerce and is licensed under PACA. (Bennett Decl. at ¶ 4.)

c)      Plaintiff sold and delivered to Defendants various wholesale lots of produce, which had been moved in interstate commerce, worth $129,446.30, for which it has not been paid. (Bennett Decl. at ¶ 7.)

d)      Defendants accepted the produce received from Plaintiff.  (Bennett Decl. at ¶ 9).

e)      Plaintiff preserved its interest under the trust provisions of the PACA in the amount of $129,446.30 by sending invoices to Defendants that contained the language required by 7 U.S.C. § 499e(c)(4). (Bennett Decl.at ¶ 8).

As a result, Plaintiff is likely to succeed on the merits.

## 2.  Plaintiff is Likely to Suffer Irreparable Harm in the Absence of an Injunction.

Because it is all but impossible to recover trust assets once they have been dissipated, the loss to Plaintiff would be irreparable.  *See* H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code Cong. & Admin. News, 405, 411; *Tanimura & Antle, Inc.*, 222 F.3d at 140; *J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc.*, 98 B.R. 47, 50 (Bnkr. N.D. Fla. 1989); *Continental Fruit v. Thomas J. Gatziolis & Co.*, 774 F. Supp. 449 (N.D. Ill. 1991); *Gullo Produce Co., Inc. v. Jordan Produce Co., Inc.*, 751 F. Supp. 64 (W.D. Pa. 1990).  Thus, dissipation of PACA trust assets constitutes immediate harm, and Plaintiff is entitled to an immediate injunction to prevent such dissipation.  *Tanimura & Antle, Inc.*, 222 F.3d at 140 (finding irreparable injury and establishing that an injunction should issue upon a showing that the trust

was depleted and payment was not readily forthcoming); *Frio Ice, S.A.* 918 F.2d at 159 ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets."); *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106 (2d Cir. 1987); *In re Richmond Produce Co., Inc.*, 112 B.R. 364, 367 (Bankr. N.D. Cal. 1990). *Accord Eddy Produce, LLC v. Sutton Fruit & Vegetable Co.*, 2012 U.S. Dist. LEXIS 19132, at *8-*9 (N.D. Tex., February 14, 2012).

### 3.   The Balance of Equities Tip in Plaintiff's Favor.

Granting injunctive relief will not cost Defendants because it would only require that they satisfy their fiduciary duties as trustees of the PACA trust, which should be held for the benefit of unpaid produce suppliers.  Therefore, by maintaining the integrity of the trust and preventing its dissipation, Defendants will not be harmed.  Conversely, as addressed above, Plaintiff will be irreparably harmed without injunctive relief.

### 4.   An Injunction is in the Public Interest.

Injunctive relief is in the public interest because the PACA trust provision specifically declares that the Congressional intent behind its passage is to protect the public interest and to remedy the burden on commerce caused by receivers who do not pay for produce. 7 U.S.C. § 499e(c)(1); *Tanimura & Antle*, 222 F.3d at 140.  *Accord Eddy Produce, supra, at * 11.*

For all of the forgoing reasons, Plaintiff has shown that it faces irreparable harm without injunctive relief because PACA trust assets will be dissipated, that it has a likelihood of success on the merits, and that the balance of hardships weighs in its favor.  Accordingly, Plaintiff's application should be granted in its entirety.

Finally, no bond should be required because Defendants already have $129,446.30 worth

of trust assets from Plaintiff as security for the issuance of injunctive relief.  See gen., *Horizon Mktg. v. Kingdom Int'l, Ltd.*, 244 F. Supp. 2d 131 (E.D.N.Y. 2003); *Batth v. Mkt. 52, Inc.*, 2011 U.S. Dist. LEXIS 132825 (E.D. Cal., Nov. 16, 2011) (11-cv-1806); *A. Ferlito Farms, Inc. v. Empire Fresh Cuts, LLC*, 2010 U.S. Dist. LEXIS 104648 (N.D.N.Y., Sept. 30, 2010) (10-cv-1044); *Edward G. Rahll & Sons, Inc. v. Zach*, 2008 U.S. Dist. LEXIS 65896 (M.D. Pa. Aug. 14, 2008) (08-cv-1384); *Horwath & Co. v. Champion Produce, Inc.*, 2006 U.S. Dist. LEXIS 79269 (S.D. Tex., Oct. 31, 2006) (06-cv-3432).  In the event the Court believes a bond is required, it is respectfully submitted that it is within the Court's discretion to set a minimal bond in light of Plaintiff's overwhelming likelihood of success.

## 5.  Notice of the Motion for Temporary Restraining Order Would Lead to Additional Dissipation

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the standard under which a temporary restraining order may be issued without notice.  A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which has been made to give the notice and the reasons supporting the claim that notice should not be required.

In this case, through the declaration of Veggifruit's President, as well as the certification of counsel and exhibits submitted herewith, Plaintiff has demonstrated that: (1) it is a produce dealer and creditor of Defendant Junior's under PACA; (2) Veggifruit has not been paid for produce sold to Defendant Junior's; (3) Junior's has repeatedly promised yet failed to pay for the produce and its principals, Hampton and Saldana, have separately told Veggifruit that junior's

does not have the money to pay Veggifruit, which is a direct breach of its obligations under the PACA to maintain assets such that they are freely available; and (4) Saldana, a reported principal of Saldana's on its PACA license has informed Veggifruit that Junior's likely will stop operating as soon as Friday, June 7, 2019.  Therefore, giving Defendants notice before entry of a temporary restraining order will allow them to further dissipate PACA trust assets pending a hearing.

Notice will only provide Defendants with advance warning that an order may be entered, thereby giving time to Defendants to sell or transfer trust assets or make further payments of trust assets to liquidate personal liabilities of their principals or pay preferred non-trust creditors prior to the entry of the order.  A further loss of trust assets would result if there is notice.  In addition, Defendants have the power to obtain immediate dissolution of the temporary restraining order by making payment to Plaintiff of the trust moneys that are owed.  Alternatively, a prompt hearing will be held on Plaintiff's motion for preliminary injunction, and Defendants can file an immediate application to dissolve the temporary restraining order under Rule 65(b).  In the meantime, the *status quo* is maintained because no assets can be transferred or dissipated.

## 6. Defendants Must be Directed to Turn Over Accounting Records.

Under the terms of the proposed temporary restraining order, Plaintiff requests that (1) Defendants be required to file with this Court and Plaintiff's counsel, an accounting which identifies Junior's assets and liabilities and Junior's accounts receivable reports signed under penalty of perjury; and (2) Defendants also supply to Plaintiff's counsel, within five (5) days of the date of the temporary restraining order and order to show cause, any and all documents in connection with the assets and liabilities of Defendants and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns and bank

statements with cancelled checks for the last 90 days.

The documentation requested is necessary to identify the PACA trust assets of Defendants in order to ensure that they are segregated and accounted for. *See Frio Ice, S.A. v. Sunfruit, Inc., supra*, at 159 ("Upon a showing that the trust is being dissipated or threatened with dissipation, a district court should require the PACA debtor to escrow its proceeds from produce sales, identify its receivables, and inventory its assets.")  Additionally, receivables are expressly impressed with the PACA trust, and Plaintiff requests authority to collect the receivables of Defendants and hold them in trust pending further order of this Court.  7 U.S.C. § 499e(c)(2).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that their motions for a proposed Temporary Restraining Order Without Notice and Preliminary Injunction be granted.

Dated:  June 6, 2019.

Respectfully submitted,

WALKER WILCOX MATOUSEK, LLP

/s/ Tony L. Draper
Tony L. Draper, Esq. (Attorney in Charge)
Texas State Bar No. 00798156
Federal Bar No. 24352
1001 McKinney, Suite 2000
Houston, Texas 77002
Telephone: (713) 343-6556
Facsimile: (713) 343-6571
tdraper@wwmlawyers.com

and

McCARRON & DIESS
Blake A. Surbey, Esq.
4530 Wisconsin Avenue, NW
Suite 301
Washington, D.C. 20016
(202) 364-0400
(202) 364-2731/ fax
bsurbey@mccarronlaw.com

*Attorneys for Plaintiff*